# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00036-MR

| | |
|---|---|
| TAMMY A. WAGNER, ) ) Plaintiff, ) ) vs. ) ) NANCY A. BERRYHILL, Acting ) Commissioner of Social Security, ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 9] and the Defendant's Motion for Summary Judgment [Doc. 11].

## I. PROCEDURAL HISTORY

The Plaintiff, Tammy A. Wagner ("Plaintiff"), filed applications for disability insurance benefits under Title II of the Social Security Act (the "Act") and supplemental security income under Title XVI of the Act, alleging an onset date of February 14, 2014. [Transcript ("T.") at 15]. The Plaintiff's application was denied initially and upon reconsideration. [Id.]. Upon Plaintiff's request, a hearing was held on April 4, 2016, before an Administrative Law Judge ("ALJ"). [T. at 15, 37]. On April 13, 2016, the ALJ issued a written decision denying the Plaintiff benefits, finding that the

Plaintiff was not disabled within the meaning of the Act since February 14, 2014. [T. at 12-28]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-4]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability.

3

20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular

4

and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

5

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date, February 14, 2014. [T. at 17]. At step two, the ALJ found that the Plaintiff has severe impairments including degeneration of the cervical spine, arthritis, unspecified myalgia and myositis, and fibromyalgia. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [T. at 25]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she is able to stand/walk for two hours; sit for six hours; perform occasional postural activities except for no climbing ropes, ladders, or scaffolds; and no concentrated exposure to hazards. The claimant has no non-physical limitation

[Id.].

The ALJ identified Plaintiff's past relevant work as a CD packer, fast food worker, gas station cashier, caregiver in a group home, care giver of elderly indviduals/home health aide, and accounting clerk at a grocery store. [T. at 26-7]. Accordingly, at step four, the ALJ concluded Plaintiff was "unable to perform past relevant work." [Id.].

With the Plaintiff having carried her burden through the first four steps, the ALJ then assessed whether, at step five, the Commissioner could meet her burden of showing the availability of jobs Plaintiff is able to do, given her RFC. [T. at 27-8]. Based upon the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy that he was able to perform, including wiper, marker, and final inspector. [Id.]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from February 14, 2014, the alleged onset date, through April 13, 2016, the date of the ALJ's decision. [T. at 28].

## V. DISCUSSION[1]

The Plaintiff asserts two assignment of error. First, the Plaintiff argues that the ALJ:

> [F]ailed to properly assess the extensive non-exertional impairments of the Plaintiff, particularly disregarding the opinion of the consultative psychological examiner, and the clinical records of the primary healthcare providers, reflecting continuing care for non-exertional problems.

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

[Doc. 10 at 9]. Second, the Plaintiff argues that the ALJ "committed error to the prejudice of the Plaintiff in his evaluation of the [V]ocational [E]xpert's testimony." [Id.]

After asserting these two assignments of error, the Plaintiff does not proceed to articulate any analysis or meaningful legal arguments in support thereof. Instead, the Plaintiff makes numerous conclusory assertions of error that do not appear to relate directly to the assignments of error identified.

Members of the Social Security bar, including the Plaintiff's counsel, have been warned repeatedly that this Court will consider only those legal arguments properly set forth in a separate assignment of error. See, e.g., Powell v. Berryhill, No. 1:16-CV-00268-MR, 2017 WL 4354738 at *2 (W.D.N.C. Sept. 29, 2017) (Reidinger, J.); Sanders v. Berryhill, No. 1:16cv236, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017) (Howell, Mag. J.), adopted by, 2017 WL 3083261 (W.D.N.C. July 19, 2017); Mason v. Berryhill, No. 1:16cv148, 2017 WL 2664211, at *4 (W.D.N.C. May 30, 2017) (Howell, Mag. J.), adopted by, 2017 WL 2662987 (W.D.N.C. June 20, 2017); Demag v. Berryhill, No. 1:15-CV-00229-MR, 2017 WL 927258, at *5 n.5 (W.D.N.C. Mar. 8, 2017) (Reidinger, J.); Woods v. Colvin, No. 1:16cv58, 2017 WL 1196467, at *4 n.2 (W.D.N.C. Feb. 8, 2017) (Howell, Mag. J.) (collecting cases), adopted by, 2017 WL 1190920 (W.D.N.C. Mar. 29, 2017);

Armstrong v. Colvin, No. 5:15cv110, 2016 WL 7200058, at *3 n.2 (W.D.N.C. Sept. 2, 2016) (Howell, Mag. J.), adopted by, 2016 WL 6652455 (W.D.N.C. Nov. 9, 2016); McClellan v. Astrue, No. 1:12-CV-00255-MR-DLH, 2013 WL 5786839, at *3 n.2 (W.D.N.C. Oct. 28, 2013) (Reidinger, J.) (adopting Memorandum and Recommendation of Howell, Mag. J.). Accordingly, to the extent that the Plaintiff attempts to weave any other legal arguments or errors into her two assignments of error, the Court disregards those arguments.

### A. The ALJ's Assessment of Non-Exertional Impairments

In her first assignment of error, the Plaintiff asserts that the ALJ erred by failing to "properly assess the non-exertional impairments of the Plaintiff." [Doc. 10 at 9]. The Plaintiff, however, does not specifically identify any non-exertional impairments that the ALJ failed to assess. The thrust of the Plaintiff's argument appears to be that the ALJ failed to give sufficient weight to the conclusions of Dr. Karen Marcus, Psy.D., who performed a consultative psychological evaluation of the Plaintiff on May 29, 2014. [T. at 22, 320-25]. The Plaintiff states that,

> [b]y disregarding and down-playing the severity of the non-exertional impairments of the Plaintiff, the decision of [the] ALJ … was based on the findings in the Grids, with the non-exertional component of the claimant's disability, not given any weight.

[Doc. 10 at 11]. Contrary to Plaintiff's argument, the ALJ did not base his decision on the Grids. Rather, the ALJ explained:

> If the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of "not disabled" would be directed by Medical-Vocational Rule 201.21. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled sedentary occupational base, the [ALJ] asked the [VE] whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and [RFC].

[T. 27].

Even though the Plaintiff's argument is far from clear, it appears that she asserts that the ALJ disregarded the opinion of Dr. Marcus without adequately explaining why he did so. [Doc. 10 at 12 ("these types of conclusory findings by an ALJ make meaningful review by this Court impossible") (citing Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015)) and Fox v. Colvin, 632 Fed.Appx. 750 (4th Cir. Dec. 17, 2015)]. Dr. Marcus opined that "[i]n light of [Plaintiff's] history, the findings of [the] interview and presentation, the following diagnosis seems most appropriate": unspecified depressive disorder, unspecified attention-deficit/hyperactive disorder, post-traumatic-stress disorder, unspecified personality disorder. [T. at 324]. The ALJ explained, however, that Dr. Marcus' opinion was vague and

speculative. [T. at 24-25]. Further, as the ALJ noted, Dr. Marcus' opinion is contradicted by her own observations that the Plaintiff: was in touch with reality; provided her own historical information; was coherent in her thought expression; and had no language impairments or evidence of a thought disorder. [Id.]. Particularly, the ALJ noted Dr. Marcus' observation that the Plaintiff, "was attempting to create the impression of difficulty and confusion." [T. at 24, 323]. As such, the ALJ adequately explained why Dr. Marcus' opinion was assigned little weight. Further, there is substantial evidence in the record to support the assignment of little weight to this opinion.

For these reasons, the Plaintiff's first assignment of error is without merit.

## B. The ALJ's Assessment of Non-Exertional Impairments

The Plaintiff asserts as her second assignment of error that the ALJ "committed error to the prejudice of the Plaintiff in his evaluation of the [V]ocational [E]xpert's testimony." [Doc. 10 at 9]. The Plaintiff cites to unadorned excerpts of the ALJ's hypotheticals and the VE's testimony before arguing, without meaningful explanation, that the ALJ's "evaluation of the vocational expert's testimony is in the heartland of the errors described by the U.S. Court of Appeals in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015)." [Id. at 13-15]. The Plaintiff does not articulate any cogent legal analysis as to

11

*how* the ALJ's decisions is allegedly inconsistent with Mascio.[2] Instead, the Plaintiff makes conclusory assertions and cites legal authority with no analysis or explanation. [Id. at 16-17].[3]

In questioning a VE, an ALJ must pose hypothetical questions that are based upon a consideration of all relevant evidence of record regarding the claimant's impairment. See Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005); English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993).

Here, the ALJ presented the following hypothetical to the VE:

> [A]ssume for the sake of this first hypothetical that we base it on the same person, same age, same education level, [and] same work experience. And let's assume this person can do light work, stand/walk two hours, sit six; occasional posturals; no ropes, ladders, scaffolds; avoid concentrated exposure to hazards' and there are no non-physical limitations. Would there be jobs?

---

[2] Plaintiff's argument based on Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), is inapplicable. In Mascio, the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Id. at 638 (citation and internal quotation marks omitted). Here, however, the ALJ found that the Plaintiff had no severe mental impairments and no nonphysical limitations [T. at 23-5], a finding which is supported by substantial evidence in the record. As such, Mascio is simply not applicable to this case.

[3] The Plaintiff's supplemental memorandum is equally unavailing. [See Doc. 14].To the extent Plaintiff attempts to argue for previously unidentified assignments of error, the Court disregards those arguments. Further, the Plaintiff's argument based on Brown v. Commissioner, 873 F.3d 251 (4th Cir. 2017), is wholly inapplicable to the present case.

12

[T. 54-55]. The VE responded in the affirmative, indicating that the following jobs would be available: unskilled cashier (2,600 jobs in North Carolina and at least 83,700 jobs in the United States economy); addresser (100 jobs in North Carolina and at least 7,400 jobs in the United States economy); and general office clerk (1,200 jobs in North Carolina and at least 46,100 jobs in the United States economy). [T. 55].

The ALJ then posed a second hypothetical with the same limitations but at the sedentary exertional level. [Id.] The VE responded in the affirmative, indicating that the same jobs would exist as previously answered. [T. 55-56].[4]

The second hypothetical posed by the ALJ properly sets forth each of the limitations identified by the ALJ in the RFC. The VE in turn responded that there were still jobs in substantial numbers both in the regional and national economy that a person with those limitations could perform. The Plaintiff has not identified any specific limitation that is supported by the record but that was not addressed in the RFC. Notwithstanding the absence of an assignment of error, the Plaintiff ends her brief as follows:

---

[4] The ALJ inquired as to whether the VE's answers were consistent with the DOT, the VE clarified that although the DOT classifies the position of unskilled cashier as light, it does allow for a stool if an individual would like to be able to sit, and therefore the sedentary exertional level had no impact. [T. 55-56].

13

> The errors in evaluating the mental health conditions of the Plaintiff, described in Section 1 above in this argument are also pertinent to the evaluation of the errors in examining the vocational expert.

[Doc. 10 at 17]. The Plaintiff, however, provides no clarity as to what arguments she has previously made or how they are pertinent to her second assignment of error. It is not the Court's responsibility to decipher the ramblings of counsel. While there is some evidence in the record to support the opinion of Dr. Marcus, the ALJ explained why he gave the opinion little weight. The ALJ's conclusion is supported by the substantial evidence he cited.

For these reasons, the Plaintiff's assignment of error is without merit.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 9] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 11] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is hereby **DISMISSED**. A judgment shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: March 16, 2018

Martin Reidinger
United States District Judge